UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY AND MICHELLE LANGE h/w )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>SARMA COLELCTIONS, INC. )<br>)<br>Defendant )<br>) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Randy and Michelle Lange, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Randy and Michelle Lange, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiffs, Randy and Michelle Lange, h/w ("Plaintiffs") are adult natural persons residing at 2529 Tennyson Drive, Clarksville, TN 37040. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sarma Collections, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Tennessee and the Commonwealth of Pennsylvania with its principal place of business located at 1801 Broadway, San Antonio, TX 78215 and a registered office located at 116 Pine Street, Ste. 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiffs have been receiving calls from Defendant for almost two (2) years in regards to an alleged debt owed on a USAA Credit Card account for approximately $27,000.00.

8. Defendant's agent, "Michael Jennings", called Plaintiff, Michelle Lange daily on this matter the entire time her husband was deployed in Afghanistan.

9. Plaintiff, Michelle Lange states that during those calls, Defendant's agent, "Michael Jennings", would yell and at times curse at her for not making payments.

10. On or about March 14, 2010, Plaintiffs received a call from Defendant's agent, "Michael Jennings", who stated that he could give Defendant a good deal on paying off this debt.

11. Defendant's agent, "Michael Jennings", offered the Plaintiffs a settlement of $10,000 to pay off this above mentioned matter.

12. Defendant's agent, "Michael Jennings", urged the Plaintiff, Randy Lange, to try and take a bank loan to pay.

13. Plaintiff told Defendant's agent, "Michael Jennings", that he would look into it.

14. The next day, March 15, 2010, Plaintiff received another call from Defendant's agent, "Michael Jennings", who wanted to know if the Plaintiff, Randy Lange, had any luck yet getting the loan.

15. Plaintiff, Randy Lange, informed Defendant's agent, "Michael Jennings", that he still had not had the time to contact the bank.

16. Defendant's agent called the Plaintiff, Randy Lange a liar.

17. Defendant's agent, "Michael Jennings", went on to call the Plaintiff, Randy Lange a cheat, a thief and a terrible person.

18. Plaintiff was berated by Defendant's agent, "Michael Jennings", who scolded him saying he was a disrespectful person and must be a user who does not follow through with what he states.

19. Defendant's agent, "Michael Jennings", stated that he was going to proceed with paperwork to put a lien on the Plaintiffs home.

20. Defendant's agent, "Michael Jennings", told the Plaintiff, Randy Lange, that he was just going to start calling his wife again, because he can't get anywhere with Mr. Lange.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(2) | Profane language or abusive language |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

&sect;&sect; 1692f        Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Sarma Collections, Inc. and Order the following relief:

    a.      Actual damages;

    b.      Statutory damages pursuant to 15 U.S.C. §1692k;

    c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.     JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                                       **Respectfully submitted,**
                                       **WARREN & VULLINGS, LLP**

**Date: March 31, 2010**         **BY: /s/ Brent F. Vullings**

                                       Brent F. Vullings, Esquire
                                       Warren & Vullings, LLP
                                       1603 Rhawn Street
                                       Philadelphia, PA 19111
                                       215-745-9800    Fax 215-745-7880
                                       Attorney for Plaintiff